FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

AUG 13 2010

JAMES N. HATTEN, Clerk
By: /s/
                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT MCDUFFIE, <br> GDC NO. 149672, <br>     Petitioner, <br><br> v. <br><br> CHIEF JUDGE DORIS DOWNS <br> and ATTORNEY GENERAL <br> THURBERT E. BAKER, <br>     Respondents. | MANDAMUS <br> 28 U.S.C. § 1361 <br><br> CIVIL ACTION NO. <br> 1:10-CV-2118-TWT |

## ORDER AND OPINION

Petitioner Robert McDuffie ("Petitioner") has filed a petition for a writ of mandamus or for an alternative writ pursuant to 28 U.S.C. § 1651. (Doc. 1 at 1.) In his petition, Petitioner requests an order from this Court directing Respondents to resolve his pending motion for a new trial in the Superior Court of Fulton County and to prepare his case for review in the Georgia Court of Appeals. (*Id.* at 10.) Petitioner also lists five grounds for relief he seeks to raise on direct appeal. (*Id.* at 4-9.)

By way of background, on March 9, 2000, Petitioner was convicted pursuant to a jury trial in the Superior Court of Fulton County of child molestation and sexual exploitation of a child. (*Id.* at 2.) Petitioner received

AO 72A
(Rev.8/82)

sentences totaling 30 years for his convictions. (*Id.*; www.dcor.state.ga.us.) On September 6, 2000, after sentencing was completed, Petitioner's appointed counsel filed a motion for a new trial. (*Id.*) According to Petitioner, the motion for a new trial is still pending in the Superior Court of Fulton County. (*Id.* at 3.) Petitioner seeks relief in this Court in order to end the considerable delay in resolving his motion for a new trial. (*Id.* at 10.)

Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts have no general power to issue writs of mandamus against state officials. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *Noe v. Metropolitan Atlanta Rapid Transit Authority*, 485 F. Supp. 501, 504 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (5th Cir.), *cert. denied*, 454 U.S. 1126 (1981). Therefore, this Court cannot grant Petitioner his requested relief via a writ of mandamus.

In the alternative, Petitioner asks this Court to issue a writ under 28 U.S.C. § 1651. (Doc. 1 at 1.) Section 1651(a) permits a federal court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, a federal court

may not issue a writ under § 1651, "if adequate remedies at law are available." *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1132 (11th Cir. 2005).

An adequate remedy at law is available to Petitioner. Specifically, Petitioner may file a federal petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(c)(3).[1]

Before seeking federal habeas corpus relief, a state prisoner is required to exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)(1); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (state prisoners are subject to the restrictions of § 2254 regardless of whether his federal habeas corpus petition is brought pursuant to § 2241 or § 2254). Thus, if Petitioner has not yet done so, he should first seek relief in state court by filing a state petition for a writ of habeas corpus before pursuing federal habeas corpus relief. *See* O.C.G.A. § 9-14-42(a); *Chatman v. Mancill*, 626 S.E.2d 102, 107-08 (Ga. 2006) (reviewing "substantial delays experienced during the criminal appellate process" under the test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972)).

---

[1] A review of the databases for this Court and the other federal district courts located in Georgia indicate that Petitioner has not previously sought federal habeas corpus relief.

3

Because this Court is unable to provide Petitioner's requested relief under either 28 U.S.C. § 1361 or 28 U.S.C. § 1651, this action should be summarily dismissed. *See* 28 U.S.C. § 1915A. In order to avoid limiting Petitioner's right to seek federal habeas corpus relief, dismissal of this action will be without prejudice.

**IT IS ORDERED** that the instant *pro se* petition for a writ of mandamus [1] is **DISMISSED WITHOUT PREJUDICE**. For the purpose of dismissal only, Petitioner's motion for leave to file this action *in forma pauperis* [2] is **GRANTED**.

**IT IS SO ORDERED**, this 13 day of August, 2010.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)